[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
This is an appeal from a decision of defendant Department of Transportation (hereinafter Department) denying plaintiff's application to operate as a motor common carrier of household CT Page 8225 goods, office furniture and equipment, over irregular routes in the state.
At the hearing before a hearing officer plaintiff presented three witnesses who testified that plaintiff provided moving services at odd hours and on demand for battered women and persons evicted from their dwellings who otherwise would not get such services from existing carriers. These services were often paid for by the state Department of Income Maintenance (DIM) or a municipal welfare department but no contract existed between the plaintiff and DIM or any municipality to provide them on an ongoing basis. Two other of Plaintiff's witnesses testified to the need of the poet in the Middletown area for plaintiff's services.
Plaintiff also presented evidence of his financial responsibility. At the hearing, the hearing officer requested that plaintiff submit a late filed exhibit to show the current financial condition of the company, which the plaintiff did in the form of a balance sheet and income statement reflecting historical costs on an accrual basis of accounting.
After the hearing, plaintiff filed a twenty-four page brief. The hearing officer had limited briefs to a maximum of ten pages. Plaintiff's counsel had no recollection of such a limitation, and requested his brief be accepted with the proviso that the protestant trucking companies be given seven days to augment their brief if they desired. The hearing officer denied plaintiff's counsel's request, so his closing brief was not considered by the hearing officer or by the Department's reviewing officer.
The Department denied plaintiff's application on the grounds that plaintiff failed to establish the statutory criteria of financial responsibility and public need.
The plaintiff has clearly been aggrieved by the denial of his application and thus has standing to bring this appeal. C.G.S. § 4-183 (a).
In determining an administrative appeal the Court may not "substitute its judgment for that of the agency as to the weight of the evidence on questions of fact." C.G.S. § 4-183 (j). Factual determinations will be upheld if reasonably supported by substantial evidence in the hearing record. Miko v. CommissionCT Page 8226on Human Rights and Opportunities, 220 Conn. 192, 200 (1991). However, the Court is not restricted to the substantial evidence rule in reviewing an administrative decision in two situations: (1) "procedural irregularities that implicate the validity of the decision itself." Adriani v. Commission on Human Rights andOpportunities, 220 Conn. 307, 327, and (2) an agency's determination of question of law. State Medical Society v.Connecticut Board of Examiners in Podiatry, 208 Conn. 709, 718
(1988).
This Court is convinced there are procedural irregularities that implicate the defendant Department's decision denying plaintiff's application. The first of these is the hearing officer's refusal to accept and consider plaintiff's after-hearing brief.
The hearing officer set a ten-page limit on the length of closing briefs. Plaintiff's counsel did not recall such a limitation, not did his trial notes indicate it, as he explained to the hearing officer in his request that his twenty-four page brief be accepted and the protestants be given additional time to augment their brief. The hearing officer denied plaintiff's request. This action was "arbitrary", and "an abuse of discretion or clearly unwarranted exercise of discretion." C.G.S. § 4-183 (j). When plaintiff's counsel stated an understandable basis for his mistake, the hearing officer should have either bent his own rule or found another way to permit plaintiff to file, and he to accept a closing brief. Under the circumstances, refusing to accept and therefore, to consider plaintiff's brief amounted to a denial of counsel to plaintiff at an important stage of the proceedings.
The second procedural irregularity relates to the hearing officer rejecting plaintiff's late filed financial exhibit on the ground it did not meet the hearing officer's requirement for such an exhibit made during the hearing. The plaintiff had submitted a balance sheet with this application which at the time of the hearing was outdated. The hearing officer requested plaintiff submit a late filed exhibit which would show the current financial status of the company. This was to include copies of bank statements to support cash balances and proof of amounts owed on notes. Plaintiff submitted an updated financial statement prepared by a certified public accountant. The value of vehicle were reflected at their cost less accumulated depreciation and the balance sheet and income statement were on CT Page 8227 the accrual basis of accounting. The hearing officer stated in his opinion: "No evidence or proof was given for the cash balance or the amount of the notes payable due, and the information does not represent the actual figures taken from a general ledger. As a result, the evidence does not meet the requirements of late filed exhibit which was requested during the hearing and [based onthis deficiency]** the Department finds the applicant has not met it's [sic] burden of proof with regard to financial responsibility."
In fact the plaintiff's financials submitted after the hearing do reveal cash balances and the current portion of long-term debt. The Court cannot substitute its judgment for that of the hearing officer on the weight to be given to this financial information. However, the hearing officer indicated that because the late filed exhibit did not meet his requirements, it was not even considered by him in determining the crucial issue of plaintiff's financial responsibility.
Plaintiff's counsel believed that after the hearing he was obligated to submit only an updated statement of plaintiff's financial condition. If the hearing officer found the accountant statements plaintiff did submit were inadequate, he had the power, pursuant to § 4-177b, to request additional information on this pivotal issue. But to reject the information submitted on the basis it did not meet his requirements for a late filed exhibit and based on that deficiency, to find plaintiff failed to prove financial responsibility constitutes an arbitrary and capricious decision by the hearing officer and an abuse of discretion.
Finally, a mixed matter of procedural irregularity and legal error is the hearing officer refusing, on the issue of public need, to consider the testimony of witnesses that plaintiff provided otherwise unobtainable moving services for battered women and tenants evicted from their homes. The ground for this refusal was that these services were substantially paid for by the Department of Income Maintenance. The hearing officer's opinion reads:
 While the testimony of these three (3) witnesses were intended to illustrate a public need, the Department does not recognize Federal, State or Municipal Programs when the governmental body pays for the transportation. CT Page 8228
The opinion then refers to C.G.S. Section 13b-387 (c), which defines a common carrier as a person who operates motor vehicles over highways of the state "for the general public for hire", and to Section 13b-388 which specifically excludes from regulation motor vehicles "engaged [exclusively]** in work for and under contract with any department of the state or of any county, city, borough or town."
The opinion concludes. "In the interpretation of these statutes, the Department will only consider proof of need to be that which is derived from individuals who provide for payment of such transportation through their own private resources."
This court is not bound by the Department's construction of these statutes, "particularly where, as here, the statute[s] [have] not previously been subjected to judicial review or time tested agency interpretations." State Medical Societyv. Conn. Board of Examiners in Podiatry, supra, 718.
This court finds the hearing officer's interpretation of these statutes erroneous as applied to the facts of this case. There is no evidence plaintiff was engaged exclusively in work for or under contract with any department of the state or of any municipality. The battered women and tenant evictees selected plaintiff to move their belongings as members of the general public. The fact those services might have been paid for by the Department of Income Maintenance did not make these customers agents of that Department. The hearing officer erroneously equated providing moving services to public aid recipients with providing services to a state or municipal agency directly. Moreover, nothing in those statutes justifies the hearing officer limiting proof of need to those who pay for moving services from "their own private resources."
Thus, the refusal of the hearing officer to consider the testimony of plaintiff's witnesses on the important services he rendered to battered women and tenant evictees, services not otherwise available to them, erroneously prevented the plaintiff from proving the critical issue of public need, one of the grounds on which the Department's decision rests. The decision is, as a consequence, "affected by an error of law." § 4-183
(j)(4).
The appeal is sustained, and pursuant to § 4-183(j), this case is remanded to the Department for further proceedings consistent CT Page 8229 with this opinion, namely: (1) allow plaintiff to file an after-hearing brief upon reasonable restrictions, clearly expressed; (2) permit plaintiff to supply current financials and clearly express the information desired; (3) on the issue of public need, consider the testimony as to services rendered by plaintiff to battered women and evicted tenants, even though those services are paid for by the Department of Income Maintenance or any municipality.
Robert Satter State Judge Referee